IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**TIMOTHY WATSON,** on behalf of himself
and all other similarly situated employees,

    Plaintiff,

v.

**FLOWERS FOODS, INC.,** and
**FLOWERS BAKING CO. OF
KNOXVILLE, LLC,**

    Defendants.

Case No. _____

**FLSA OPT-IN COLLECTIVE ACTION
JURY DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Timothy Watson, brings this action against Defendants Flowers Foods Inc., and Flowers Baking Co. of Knoxville, LLC (collectively "Defendants") on behalf of himself and all others similarly situated as follows:

### PRELIMINARY STATEMENT

1. This lawsuit is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* and as a Rule 23 class action to recover unpaid wages owed to Plaintiff and a class of other similarly situated hourly, non-exempt employees who worked at Defendant Flowers Baking Co. of Knoxville, LLC's facility in Knoxville, Tennessee. Defendants' policy and practice is to deny straight time pay and overtime pay to employees working at their Knoxville bakery. Defendants' failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* ("FLSA") and the state laws of Tennessee.

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has original federal question subject matter jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

3. This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff worked for Defendant Flowers Baking Co. of Knoxville, LLC in this district, Defendants conduct business in this district, and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## II. PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. Plaintiff Timothy Watson is a resident of Knoxville, Knox County, Tennessee, who worked for Defendants as an hourly-paid production employee from April 2014 until April 2016. Plaintiff held various positions and titles while working in Defendants' bakery including, Production Technician, Divider Operator, Break Man, Mixer Operator, Oven Operator, Bagger Operator and Trayer. Plaintiff worked six (6) to seven (7) shifts per week lasting approximately twelve (12) hours per shift. Plaintiff earned $17.60 - $19.10 per hour while working for Defendants. Plaintiff worked in a bakery facility located in Knoxville, owned and operated by Defendants Flowers Foods, Inc. and Flowers Baking Co. of Knoxville, LLC. Plaintiff Watson's Consent to Join this collective action is attached hereto as *Exhibit A*.

7. Defendant Flowers Foods, Inc. (herein "Defendant Flowers Foods") is a Georgia corporation

with its principal place of business located at 1919 Flowers Circle, Thomasville, Georgia 31757, and was Plaintiff's "employer" as that term is defined under the FLSA. In the alternative, Defendant Flowers Foods was Plaintiff's "joint employer" and/or "integrated employer" at all times mentioned herein. Defendant Flowers Foods Inc. may be served via its registered agent, Corporation Service Company, 40 Technology Pkwy S, Suite 300, Norcross, Georgia 30092.

8. Defendant Flowers Baking Co. of Knoxville, LLC is a Tennessee corporation, registered in Tennessee and is a wholly owned subsidiary of Flowers Foods, Inc., and was Plaintiffs "employer" as that term is defined under the FLSA. In the alternative, Defendant Flowers Baking Co. of Knoxville, LLC was Plaintiff's "joint employer" and/or "integrated employer" at all times mentioned herein. Defendant Flowers Baking Co. of Knoxville, LLC is a wholly owned subsidiary of Defendant Flowers Foods, Inc. Defendant Flowers Baking Co. of Knoxville, LLC may be served via its registered agent, Corporation Service Company, 3908 Poston Avenue, Nashville, Tennessee 37203.

9. Defendants, Flowers Foods Inc., Flowers Baking Co. of Knoxville, LLC were Plaintiff's "joint employer" at all relevant times.

10. In addition to the Named Plaintiff Timothy Watson, Defendants have also employed, and currently employ, other similarly situated individuals that comprise the putative class within the last three (3) years.

11. Plaintiff and the putative class members are hourly-paid production employees of Defendants that physically produce, make, bake and package bread and snack products for Defendants in their bakery facility located in Knoxville, Tennessee.

12. Upon information and belief, at all times, the wage and hour and all related employee

3

compensation policies of Defendants are and were centrally and collectively dictated, controlled, and ratified.

**GENERAL ALLEGATIONS**

13. Each workday when Plaintiff arrived at Defendant Flowers Baking Co. of Knoxville, LLC's facility to begin his shift, he had to enter a key code provided by the company to access the facility's employee parking area. Entering this key code did not clock Plaintiff into work.

14. To enter the building, Plaintiff was required enter his employee code and swipe his employee badge into a bar code reader. The swiping of the badge and entering of the code to enter the facility did not clock Plaintiff into work.

15. Plaintiff performed work after the time he entered his employee code and swiped his badge to enter Defendant Flowers Baking Co. of Knoxville, LLC facility and before the time he was permitted to officially clock in for his scheduled shift. Plaintiff was not paid for this work time, which was a significant portion of "off the clock" working time.

16. The work duties Plaintiff performed during this time included, but were not limited to: picking up and putting on a hair net and hard hat; picking up and putting in ear plugs; entering an initial locker room to pick up clothing designated and required to be worn by Defendants and consisted of khaki pants and a snap shirt; walking into a second locker room to removes his own clothes and shoes and to put on the clothes required by Defendants, including slip resistant shoes that he was required to wear; entering a combination and opening a locker to store his own clothes, shoes, and personal effects; closing and locking the locker; picking up and putting on a helmet; and walking from the second locker room to the middle of the plant, where he was finally allowed to clock in for his scheduled shift. These duties are required by Defendants and Plaintiff was not permitted

to perform these duties prior to arriving at the facility.

17. Plaintiff performed additional duties after clocking out, for which he was not paid.

18. The work duties Plaintiff performed after clocking out of the Defendants' time keeping system included, but were not limited to: walking from the time clock back to the second locker room; removing his hard hat and placing it where it belongs in the locker room; entering a combination and opening his locker holding his own clothes, shoes, and personal effects; removing the shoes and clothes that Defendants required be worn and putting his own clothes and shoes back on to exit the facility; walking back through the initial locker room and placing the clothes that Defendants required be worn in a bin for cleaning; and walking back out of the building entrance and to the parking lot on the south side of the facility. Defendants' policy did not allow for Plaintiff to leave the facility without changing his clothes.

19. The work activities for which Plaintiff was not paid were integral and indispensable to his principal job duties and/or are themselves principal duties, and also fall within the "continuous workday."

20. The walking time for which Plaintiff was not paid occurred after the beginning of his first principal activity and before the end of his last principal activity.

21. The sanitary and protective work uniforms and safety equipment that Plaintiff was required to wear, and the donning and doffing for which Plaintiff was not paid, were required by Defendants. Plaintiff's job involved food preparation and therefore necessitates sanitary working conditions. The circumstances of Plaintiff's job, including vital considerations of health and hygiene, required him to wear the protective work uniforms and protective safety equipment. Plaintiff was required to don and doff the protective and sanitary gear on

Defendants' premises and was not allowed to do so from home.

22. These donning, doffing, and walking duties that occurred during the continuous workday all add up to a significant amount of time of "off the clock" work for which Plaintiff and the classes were not paid.

23. In addition to the "off the clock" time associated with the above Defendants automatically deducted fifteen (15) minutes from Plaintiff's recorded time daily. This designated deduction was for a meal break period.

24. Plaintiff contends that the fifteen (15) minutes automatically deducted from his time on a daily basis was compensable and that he has been deprived of said wages.

## **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

25. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following classes of persons (the "FLSA donning and doffing class" or " donning and doffing opt-in class" and the "FLSA automatic time deduction class" or "automatic time deduction opt-in class"):

    **FLSA Donning and Doffing Class Description:**

    All current and former hourly employees of Defendants Flowers Foods, Inc. and Flowers Baking Co. of Knoxville, LLC who were not covered by the terms of a Collective Bargaining Agreement ("CBA") at any time in the last three years who were required to perform, but not paid for the time they spent performing donning, doffing, and walking activities.

    **FLSA Automatic Time Deduction Class Description:**

    All current and former hourly employees of Defendants Flowers Foods, Inc. and Flowers Baking Co. of Knoxville, LLC who were not covered by the terms of a Collective Bargaining Agreement ("CBA") at any time in the last three years who had time automatically deducted from their

6

recorded time.

26. In addition to his individual claims, Plaintiff brings Count II and III for Tennessee state law violations for breach of contract and unjust enrichment claims under the common law of Tennessee as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as a representative of the following class:

> All current and former hourly employees of Defendants Flowers Foods, Inc. and Flowers Baking Co. of Knoxville, LLC who were not covered by the terms of a Collective Bargaining Agreement ("CBA") at any time in the last three years who were required to perform, but not paid for the time they spent performing donning, doffing, and walking activities and/or had time automatically deducted from their recorded time.

27. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

29. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

30. The state law claims, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not opt-out of the class. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

31. The classes satisfy the numerosity standards. The class is believed to number in the hundreds. As a result, joinder of all class members in a single action is impracticable.

32. There are questions of fact and law common to the classes that predominate over any questions affecting only individual members. The questions of law and fact common to the classes arising from Defendants' actions include, but are not limited to, the following:

   a. Whether Plaintiff and the putative class are compensated for time spent donning and doffing clothing and protective gear and walking to and from their job posts;

   b. Whether the donning and doffing of certain sanitary and protective gear constitutes an integral and indispensable activity;

   c. Whether the donning and doffing of certain sanitary and protective gear begins the continuous workday;

   d. Whether Defendants have failed to keep accurate records of the actual time Plaintiff and the putative class spend performing compensable activities;

   e. Whether Defendants automatically deducted compensable time from the Plaintiff and the putative class' recorded time;

   f. Whether Defendants' pay policies and practices compensate Plaintiff and the putative class for all of the time they spend working during the continuous workday;

   g. Whether Defendants' compensation policy and practices account for the time Plaintiff and the putative class are actually working; and

   h. Whether Defendants' violations were willful.

33. The questions set forth above, among others, predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair

and efficient adjudication of the state law claims.

34. Plaintiff's claims are typical of those of the putative class in that class members have been employed in similar positions as Plaintiff and were subject to the same or similar unlawful practices of Defendants that Plaintiff was.

35. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

36. Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the class members he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and undersigned counsel, who have extensive experience prosecuting complex wage and hour, Fair Labor Standards Act collective action lawsuits.

37. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine the rights of all class members in conformity with the interests of efficiency and judicial economy.

## COUNT I
## Violations of the Fair Labor Standards Act

38. Plaintiff re-alleges the allegations as set forth above.

39. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

40. The FLSA regulates, among other things, record keeping and the payment of minimum wages and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

41. Defendants were, and are, subject to the minimum wage and overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and their employees are engaged in commerce.

42. The FLSA requires employers, such as Defendants, to provide all non-exempt employees overtime compensation, at a rate of not less than one-and-one-half times their regular rate of pay, for work performed in excess of forty (40) hours in a work week.

43. At all relevant times, Defendants have been, and continue to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Plaintiff was an "employee" of Defendant Flowers Baking Co. of Knoxville, LLC. At all relevant times, Defendants employed numerous other individuals who had the same job duties and compensation structure as Plaintiff. These individuals are "employees" similarly situated to Plaintiff.

45. Plaintiff and all similarly situated employees are not exempt from the right to receive the Federal minimum wage and overtime pay under the FLSA and are not exempt from the requirement that their employer pay them minimum wage and/or overtime compensation under the FLSA.

46. Plaintiff and all similarly situated employees have substantially similar job requirements

and pay provisions, and are subject to Defendants' common policy and practice of refusing to keep accurate records or to correctly pay minimum wages and overtime wages in violation of the FLSA.

47. Defendants violated the FLSA by failing to pay their workers for all time worked, including overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by employees.

48. Plaintiff and all similarly situated employees are victims of uniform policies and practices at Defendants' facilities. These uniform policies and practices, in violation of the FLSA, have been applied to Plaintiff and all similarly situated employees.

49. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether, their conduct was prohibited by the FLSA.

50. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime wages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff, for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal

amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## COUNT II
### Breach of Contract

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Plaintiff brings this claim on behalf of himself, individually, and on behalf of all members of the Tennessee Class of which they are members.

54. Plaintiff, and the Tennessee putative class members, entered into employment agreements with Defendants whereby they agreed to perform work for Defendant in exchange for being compensated for all hours worked as hourly-paid employees.

55. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.

56. Plaintiff, and the Tennessee putative class members, have performed all conditions precedent required of them under these agreements.

57. Defendants have refused and failed to perform its obligations in accordance with the terms and conditions of this agreement by failing to pay Plaintiff and the Tennessee putative class members for all time worked on behalf of them.

## COUNT III
### Unjust Enrichment

58. Plaintiff re-alleges the allegations as set forth above.

59. Plaintiff and all similarly situated employees conferred a benefit upon Defendants by working on their behalf without compensation.

60. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiff and similarly situated employees.

12

61. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

62. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

63. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

64. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all similarly situated employees of the putative class demand judgment against Defendants and pray that this Court:

    a. Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA collective action portion of this action;

    b. Issue notice to a class of similarly situated employees to pursue Tennessee claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b); Award Plaintiff and all similarly

situated employees pre-judgment and post-judgment interest as provided by law;

d. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA;

e. Issue a declaration that Defendants have violated state and federal law; and

f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

g. Plaintiff requests a TRIAL BY JURY on all of his claims and the class' claims.

Dated: June 15, 2018                      Respectfully submitted,

*s/ Gordon Jackson*
Gordon E. Jackson (TN BPR #8323)
James L. Holt, JR. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Counsel for Plaintiff and similarly situated current and former employees*

### CERTIFICATE OF SERVICE

This is the Original Collective Action Complaint. Service of this Complaint will be made on Defendants with summonses to be issued by the clerk per the Federal Rules of Civil Procedure.

*/s/ Gordon E. Jackson*
Gordon E. Jackson

14